```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF OKLAHOMA
```

ERNIE JOE FIELDS,              )
                               )
               Plaintiff,      )
                               )
          v.                   )      No. CIV-05-186-S
                               )
OKLAHOMA STATE PENITENTIARY, et.)
al.,                           )
                               )
               Defendants.     )

## ORDER

Before the court for its consideration is the Defendants' Rocky Bingham, Wayne Brakensiek, Layne Davison, Kameron Harvanek, and Jane Standiford's Motion to Dismiss/Motion for Summary Judgment and Brief in Support filed on May 5, 2006.

Plaintiff originally filed a pleading labeled "Writ of Mandamus" on April 28, 2005. On this same date, plaintiff filed a Motion to Proceed In Forma Pauperis. On June 3, 2005, an order was entered granting the Motion to Proceed In Forma Pauperis. On May 27, 2005, the court converted plaintiff's "Writ of Mandamus" to a civil rights action. Plaintiff filed his civil rights complaint in this court on June 15, 2005. On July 25, 2005, defendants filed a motion to stay proceedings and a request for an order for special report. On August 1, 2005, an order was entered requiring a special report. The special report was filed September 28, 2005. On March 22, 2006, these defendants were added as parties. They were served with a document titled "supporting jurisdiction" which listed vague causes of actions dealing with a First Amendment violation, a claim of racketeering, a claim for discrimination and two tort claims. Defendants filed this Motion to Dismiss/Motion for Summary

1

Judgment on May 5, 2006. On July 14, 2006, plaintiff filed a response to said motion. The court will treat the motion as one for summary judgment since it must consider matters outside of the pleadings.

Plaintiff appears *pro se* in this action and is an inmate in the custody of the Oklahoma Department of Corrections ("DOC"). He is currently incarcerated in the Oklahoma State Penitentiary in McAlester, Oklahoma.

In his civil rights complaint, plaintiff alleges that defendants violated his constitutional rights when they deprived him of access to the courts when he was not allowed to maintain more than two cubic feet of legal materials and/or property after his transfer to the Oklahoma State Penitentiary ("OSP"). Plaintiff further alleges that OSP's law clerk denied his request for photocopies and other materials and that some requests to physically attend the facility's law library were denied. He also alleges that three officers placed him in a cell which was "life-threatening" and caused him to get a broken jaw and cuts. He also alleges that OSP's medical services have denied Plaintiff's request for an x-ray of his jaw and that one physician informed plaintiff that he would not treat him. In a document titled "supporting jurisdiction" plaintiff vaguely alleges causes of action for a First Amendment violation, racketeering, discrimination and tort claims.

As relief, plaintiff seeks compensatory damages and punitive damages.

**STANDARDS OF SUMMARY JUDGMENT**

Summary Judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The moving party has the burden of demonstrating the absence of a genuine issue of fact. Celotex v. Catrett, 477 U.S. 317, 325 (1986). If this initial burden is satisfied, the nonmoving party then has the burden of coming forward with specific facts showing there is a genuine issue for trial as to elements essential to the nonmoving party's case. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991). The nonmoving party cannot rest on the mere allegations of the pleadings, but must go beyond the pleadings and "set forth specific facts showing there was a genuine issue for trial as to those dispositive matters for which [it} carries the burden of proof." Applied Genetics v. First Affiliated Securities, 912 F.2d 1238, 1241 (10th Cir. 1990).

"A fact is 'material' only if it 'might affect the outcome of the suit under the governing law,' and a dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Thomas v. IBM, 48 F.3d 478, 486 (10th Cir. 1995) (quoting Anderson, 477 U.S. at 248). In this regard, the court examines the factual record and reasonable inferences therefrom in the light most favorable to the nonmoving party. Deepwater Invs. Ltd. v. Jackson Hole Ski Corp, 938 F.2d 1105, 1110 (10th Cir. 1991). This court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there

is a genuine issue for trial." Anderson, 477 U.S. at 249.  With
these standards in mind, the court turns to the merits of the
defendants' motion.

**FINDINGS OF FACT**

Plaintiff is incarcerated at OSP. From February 11, 2005, to
August 11, 2005, plaintiff filed approximately 50 grievances to
OSP's warden.  Each of the grievances plaintiff submitted failed
to comply with DOC's grievance policy and was returned with an
explanation of the reason it was rejected.  The grievances failed
to comply with the policy in a variety of ways: some were not
fully completed; one improperly raised more than one issue; many
were submitted without the request to staff attached, as policy
requires; many did not include the proper documentation required
when an inmate is on grievance restriction, as plaintiff was;
three were improperly submitted as "emergency" grievances; two
involved medical issues and were not submitted to the proper
authority and one concerned an issue which plaintiff had submitted
a duplicate grievance.

Prior to his transfer to OSP, plaintiff had been placed on
grievance restriction.  This policy is designed for inmates who
continually abuse the grievance process. Although inmates placed
on grievance restrictions may still file grievances and appeals
they must follow steps outlined in the grievance policy.  On May
11, 2005, DOC's Administrative Review Unit extended the grievance
prohibition to May 11, 2006.  On that same date, Debbie Morton,
DOC's Director's Designee sent a letter to plaintiff explaining
the procedural errors which consistently occurred in plaintiff's
grievance submissions and which plaintiff consistently failed to
correct. According to Administrative Programs Officer Lavonna

4

Bartling, the Administrative Review Unit's records reveal that plaintiff filed 43 grievance appeals to that office, and all 43 were filed improperly.

## I. Exhaustion of Administrative Remedies

DOC has a policy for inmates to file grievances. To exhaust administrative remedies pursuant to DOC's grievance procedure for all claims not involving misconducts, a prisoner within DOC's custody is required to properly and timely file for each claim: 1) a request to staff, 2) a grievance to the facility head, and 3) an appeal of the facility head's response to the administrative review authority (or to the medical services administrator for medical issues.) An inmate has not exhausted his available administrative remedies until he properly and timely files a grievance appeal to the administrative review authority and receives a response from that official.

A plaintiff is required to exhaust all claims prior to bringing litigation. The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. Sec. 1997e(a).

In <u>Jernigan v. Stuchell</u>, 304 F.3d 1030, 1032 (10th Cir. 2002) the Tenth Circuit Court of Appeals stated:

> An inmate who begins the grievance process but does not complete it is barred from pursuing a 42 U.S.C. Sec. 1983 claim under the Prison Litigation Reform Act for failure to exhaust his administrative remedies. <u>Wright</u>

v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001). In Wright, an inmate alleged that he had substantially complied with the administrative procedures but did not see the process to its conclusion. The court noted that the PLRA does not "enable judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems." Wright at 358.

The express language of 42 U.S.C. Sec. 1997e(a) mandates exhaustion in all suits "brought with respect to prison conditions". In the face of such a clear directive, the court cannot weigh the fairness of the exhaustion requirement or entertain exemptions from its reach. Porter v. Nussle, 534 U.S. 516 (2002)(holding exhaustion required for all prisoner suits, regardless of whether they involve general circumstances of incarceration or particular episodes, and whether they allege Eighth Amendment violation based on use of excessive force or some other wrong.)

After careful review, the court finds the plaintiff has failed to make any viable argument that he has exhausted the administrative remedies available as to his claims. To exhaust his administrative remedies pursuant to DOC's grievance procedures, a prisoner within DOC's custody is required to not only file a grievance regarding each issue to the facility head but to properly appeal the facility's grievance response to each of those issues to the Administrative Review Authority. Plaintiff failed to properly file a grievance in relation to his claims. In addition, plaintiff failed to follow it up with a grievance appeal to DOC's Administrative Review Authority regarding any non-medical issues. Further, he has cited no authority or facts to demonstrate he was denied access to those administrative procedures. Plaintiff simply failed to exhaust his administrative remedies.

The Tenth Circuit Court of Appeals has held that Sec. 1997e(a) requires "total exhaustion" of all claims asserted in a prisoner's complaint. The presence of any unexhausted claim in a plaintiff's complaint requires the court to dismiss the action in its entirety. <u>Ross v. County of Bernalillo</u>, 365 F.3d 1181, 1189 (10th Cir. 2004). The court finds the allegations made in plaintiff's complaint should be dismissed pursuant to 42 U.S.C. Sec. 1997e (a) for failure to exhaust his administrative remedies. Accordingly, the defendants are granted summary judgment as to those claims and the action is dismissed in its entirety.

The civil rights claims alleged were the only federal claims in the lawsuit. The remaining claims are state law in nature. The Tenth Circuit has held that when federal claims are resolved prior to trial, the district court should usually decline to exercise jurisdiction over state law claims and allow plaintiff to pursue them in state court. <u>Ball v. Renner</u>, 54 F. 3d 664, 669 (10th Cir. 1995) and 28 U.S.C. Sec. 1367 (c)(3) (stating that when all federal claims are dismissed, district court may decline to exercise jurisdiction over remaining state claims.) Accordingly, the court declines to exercise jurisdiction over the remaining state law claims.

This court authorized the commencement of this action *in forma pauperis* under the authority of 28 U.S.C. Sec. 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. <u>Nietzke v. Williams</u>, 490 U.S. 319 (1989) and <u>Yellen v. Cooper</u>, 828 F.2d 1471, 1475 (10th Cir. 1987). Defendants' motion for summary judgment is hereby **GRANTED.** Accordingly, this action is, in all respects, **DISMISSED** as frivolous.

7

**IT IS SO ORDERED** this 10th day of August, 2006.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma